# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| CARLOS WADE, | ) | |
| Petitioner, | ) | |
| v. | ) | Case No. 4:16 CV 378 JCH |
| IAN WALLACE, | ) | |
| Respondent. | ) | |

## MEMORANDUM

This matter is before the Court on Missouri State prisoner Carlos Wade's Amended Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and is ready for disposition.

## PROCEDURAL BACKGROUND

On November 22, 1996, a jury in the Circuit Court of the City of St. Louis, Missouri, found Petitioner guilty of one count of murder in the first degree, two counts of assault in the first degree, and three counts of armed criminal action for events occurring when Petitioner was under 18 years old. On January 10, 1997, Petitioner was sentenced to mandatory life imprisonment without the possibility of parole on the count of murder in the first degree, fifteen (15) years on both counts of assault in the first degree, and thirty (30) years on all three counts of armed criminal action. Each sentence is to be served consecutively.[1] The Missouri Court of Appeals affirmed the convictions and sentence. *State v. Wade*, 998 S.W. 2d 95 (Mo. App. E.D. 1999).

Petitioner filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15 and was denied on May 4, 2000. Petitioner then appealed the motion court's ruling

---

[1] Because Wade is serving consecutive sentences, Missouri Attorney General Eric Schmitt is added to this case as a proper party respondent. *See,* Rule 2(b), Rules Governing Section 2254 Cases in the United States District Courts.

and the Court of Appeals affirmed the conviction. On June 10, 2002, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Eastern District of Missouri and was denied on April 8, 2004. *Wade v. Dormire,* Case No: 4:02-CV-863-JCH.

On June 25, 2012, the United States Supreme Court issued its opinion in *Miller v. Alabama*, 567 U.S. 460 (2012), in which the Supreme Court held that the Eighth Amendment prohibits mandatory sentences of life without parole for juvenile offenders.[2] Following the Supreme Court ruling in *Miller*, on June 19, 2013, Petitioner filed a petition for writ of habeas corpus pursuant to Missouri Supreme Court Rule 91 in the Missouri Supreme Court. Then on January 27, 2016, in the case *Montgomery v. Louisiana*, 136 S. Ct 718 (2016), the Supreme Court held that *Miller* applied retroactively to cases on collateral review. 136 S. Ct. at 736. The Court further clarified that this retroactive application "does not require States to re-litigate sentences, let alone convictions, in *every* case where a juvenile offender received mandatory life without parole. A state may remedy a *Miller* violation by permitting juvenile homicide offenders to be considered for parole rather than by resentencing them." *Id.*(emphasis added). The Court cited to a Wyoming statute that allows a juveniles convicted of homicide to be eligible for parole after 25 years of incarceration. *Id.* (citing Wyo. Stat. Ann. § 6-10-301(c) (2013)). The Court held that "[a]llowing those offenders to be considered for parole ensures that juveniles whose crimes reflected only transient immaturity – and who have since matured – will not be forced to serve a disproportionate sentence in violation of the Eight Amendment. *Id.*

---

[2] The Supreme Court determined that "[m]andatory life without parole for a juvenile precludes consideration of his chronological age and its hallmark features – among them, immaturity, impetuosity, and failure to appreciate the risks and consequences," the "family and home environment that surrounds him – and from which he cannot usually extricate himself – no matter how brutal or dysfunctional," the "circumstances of the homicide offense," and "the possibility of rehabilitation…" *Miller,* 567 U.S. 460 at 477-478.

2

On March 15, 2016, the Missouri Supreme Court sustained Petitioner's writ of habeas corpus in part and ordered that Petitioner eligible to apply for parole after serving 25 years' imprisonment of his sentence of life without parole unless his sentence was otherwise brought into conformity with *Miller* and *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016) by action of the governor or enactment of legislation. It did not grant the Petitioner resentencing. Petitioner filed a motion for rehearing on March 30, 2016, challenging the constitutionality of the Missouri Supreme Court's decision.

Petitioner filed a federal writ of habeas corpus on March 21, 2016. On May 19, 2016, this Court transferred the habeas petition to the Eight Circuit Court of Appeals because petitioner had not sought permission to file a second successive petition. On July 19, 2016, the Missouri Supreme Court vacated the previous grant of partial habeas relief because the Missouri Legislature passed Senate Bill 590 (SB590), which created Mo. Rev. Stat. § 558.047.1 addressing the procedure to be followed for pending and future first degree murder cases against juveniles, and for those whose sentence was final when *Miller* was decided.[3] When the bill

---

[3] Mo. Rev. Stat. § 588.047 states, in relevant part:
Any person sentenced to a term of imprisonment for life without eligibility for parole before August 28, 2016, who was under 18 years of age at the time of the commission of the offense or offenses, may submit to the parole board a petition for a review of his or her sentence regardless of whether the case is final for purposes of appeal after serving twenty-five years of incarceration… The parole board shall hold a hearing and determine if the defendant shall be granted parole. In a parole review hearing under this section, the board shall consider, in addition to the factors listed in section 565.033: (1) Efforts made toward rehabilitation since the offense or offenses occurred including participation in educational, vocational, or other programs during incarceration, when available; (2) The subsequent growth and increased maturity of the person since the offense or offenses occurred; (3) Evidence that the person has accepted accountability for the offense or offenses, except in cases where the person has maintained his or her innocence;(4) The person's institutional record during incarceration; and (5) Whether the person remains the same risk to society as he or she did at the time of the initial sentencing.

The additional factors listed in § 565.033 are: (1) The nature and circumstances of the offense committed by the defendant; (2) The degree of the defendant's culpability in light of his or her age and the role in the offense; (3) The defendant's age, maturity, intellectual capacity, and mental and emotional health and development at the time of the offense; (4) The defendant's background, including his or hwe family, home, and community environment; (5) The likelihood for rehabilitation of the defendant; (6) The extent of the defendant's participation in the offense; (7) The effect of familial pressure or peer pressure on the defendant's actions; (8) The nature and extent of defendant's prior criminal history, including whether the offense was committed by a person with a prior record of conviction for

became final, the Missouri Supreme Court withdrew its March 15, 2016, order and entered an order denying the petition.

On February 16, 2017, the Eight Circuit Court of Appeals authorized petitioner leave to file a successive petition with regard to raising the constitutionality of the structures of Petitioner's consecutive sentences on related non-homicide offenses in light of *Miller* and *Montgomery*. Counsel for Petitioner then believed that he must file a new habeas petition on behalf of the Petitioner and on February 22, 2017, Petitioner filed a new habeas petition. Case No. 4:17-CV-784-DDN (E.D. Mo.). Petitioner moved to consolidate the erroneously filed case with this case before the Court. Consolidation was granted.

## **ARGUMENT**

Petitioner is currently incarcerated in the Southeast Correctional Center in Missouri. In the instant petition for writ of habeas corpus Petitioner raises only one ground for relief:

> That Petitioner's right to be free from cruel and unusual punishment has been violated because without the trial court resentencing him on his murder conviction he will have no meaningful opportunity for release due to his consecutive sentences on his non-homicide related offenses.

Petitioner argues that SB590 now Mo. Rev. Stat. §588.047 fails to address a situation in which a petitioner, who after becoming eligible for release from his first-degree murder sentence after 25 years, is barred from release due to the structure of his consecutive sentences. Petitioner further argues that his no-parole term of 80 years is thus unconstitutional because without full resentencing, Petitioner will have no meaningful opportunity for release.

Respondent does not challenge Petitioner on procedural grounds and suggests that Petitioner's claim based on Mo. Rev. Stat. §588.047 is fully exhausted. Respondent specifically states that "Wade's state habeas petition and motion for rehearing fairly encompass his current

---

murder in the first degree, or one or more serious assaultive criminal convictions; [and] (9) the effect of characteristics attributable to the defendant's youth on the defendant's judgement. Mo. Rev. Stat. §565.033

claim that his consecutive sentences deny him a meaningful opportunity for release on parole because they extend his parole ineligibility date well beyond the twenty-five years at which he would be eligible for parole consideration on the murder sentence alone." (ECF No. 28, 4-5). Instead Respondent argues that Petitioner's petition should be denied because under Missouri case law consecutive sentences that extend parole eligibility near or beyond a life expectancy for a juvenile offender are constitutional. Respondent further argues that the Petitioner is impermissibly asking the Court to extend United States Supreme Court precedents in *Miller* and *Montgomery* to issues of parole ineligibility from multiple consecutive terms of years imposed for multiple crimes.

Although both the Petitioner and the Respondent suggest that the Supreme Court of Missouri has addressed Petitioner's claim on the merits, the Court disagrees.

## **DISCUSSION**

Federal habeas relief is available to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). *See also*, *Williams-Bey v. Trickey*, 894 F.2d 314, 317 (8th Cir. 1990) (emphasis omitted). To obtain federal habeas review of a claim raised in a §2254 petition, the petitioner must have first raised the federal constitutional dimensions of the claim in State court in accordance with State procedural rules. *Duncan v. Henry*, 513 U.S. 364 (1995)(per curiam); *Beaulieu v. Minnesota*, 583 F.3d 570, 573 (8th Cir. 2009)(quoting *Gilmore v. Armontrout*, 861 F.2d 1061,1065 (8th Cir. 1988)). "In Missouri, a claim must be presented at each step of the judicial process in order to avoid default." *Id.* at 1087 (quotation and citation omitted). A petitioner must have "fairly presented the substance of the claim to the state courts…thereby affording such courts fair opportunity to apply controlling legal principles to the facts bearing

upon [the] claim." *Wemark v. Iowa*, 322 F.3d 1018, 1020-21 (8th Cir. 2003)(quotations and citations omitted). "A claim has been fairly presented when a petitioner has properly raised the same factual grounds and legal theories in the state courts which he is attempting to raise in his federal habeas petition." *Id.* at 1021 (quotations and citations omitted). "[A] state prisoner must exhaust available state remedies before presenting his claim to a federal habeas court." *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017) (citing 28 U.S.C. § 2254(b)(1)(A)). Exhaustion requires "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Upon review of the record, the Court finds that Petitioner's claim that his right to be free from cruel and unusual punishment has been violated because without the trial court resentencing him on his murder conviction he will have no meaningful opportunity for release due to his consecutive sentences on his non-homicide related offenses is procedurally defaulted. Thus the Court cannot reach the merits of this claim.

Petitioner's initial writ of habeas corpus before the Supreme Court of Missouri pursuant to Rule 91 addressed whether Petitioner's first degree murder conviction and mandatory sentence of life without parole for that offense were unconstitutional in light of *Miller v. Alabama*, 567 U.S. 460 (2012).(ECF No. 28-3, Petition for A Writ of Habeas Corpus). Then Petitioner's Motion for Rehearing or Reconsideration addressed the constitutionality of the Missouri Supreme Court's decision to make Petitioner eligible to apply for parole after serving 25 years' imprisonment on his sentence of life without parole as a separation of powers issue. Specifically Petitioner argued that the Court's decision to allow him to be eligible for parole after 25 years on his murder conviction violated the Missouri Constitution and the Constitution of the United States and was an act more appropriately left to the legislature. (ECF No. 28-9, Motion for

Rehearing). The issue presently before this Court is whether Petitioner's sentence is unconstitutional despite the application of Mo. Rev. Stat §588.047 as applied to the Petitioner due to Petitioner's consecutive sentences. While the claims are similar they are not factually or legally the same. *See, Wemark* 322 F.3d at 1021.

Since the Missouri Supreme Court has not addressed the specific issue raised by the Petitioner on habeas review, the Petitioner has failed to procedurally exhaust his claim and it is therefore defaulted. Procedural default can be excused if Petitioner can show "'cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.'" *Morgan v. Javois*, 744 F.3d 535, 538 (8th Cir. 2013) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991)), *cert. denied*, 134 S. Ct. 1882 (2014). Petitioner offers no basis from which the Court can conclude that his failure to exhaust should be excused. For this reason, the Court concludes that Habeas relief is not appropriate and the Petitioner's Amended Petition for Habeas Corpus is denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Carlos Wade's Amended Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 27), is **DENIED**; and that his claims are **DISMISSED with prejudice**. A separate Order of Dismissal will accompany this Memorandum and Order

Dated this __30th_ day of January 2019.

\s\ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE