UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CARLOS WADE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:16CV378 JCH |
| ) | |
| BILL STANGE, et al., ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Missouri State prisoner Carlos Wade's Amended Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, filed September 14, 2020. The petition is fully briefed and ready for disposition.

## BACKGROUND

On November 22, 1996, a jury in the Circuit Court of the City of St. Louis, Missouri, found Petitioner guilty of one count of murder in the first degree, two counts of assault in the first degree, and three counts of armed criminal action for events occurring when Petitioner was under 18 years old. On January 10, 1997, Petitioner was sentenced to mandatory life imprisonment without the possibility of parole on the count of murder in the first degree, fifteen (15) years on both counts of assault in the first degree, and thirty (30) years on all three counts of armed criminal action. Each sentence is to be served consecutively.[1] The Missouri Court of Appeals affirmed the convictions and sentence. *State v. Wade*, 998 S.W.2d 95 (Mo. App. 1999).

Petitioner filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule

---

[1] Because Wade is serving consecutive sentences, Missouri Attorney General Eric Schmitt is a proper party respondent. *See* 28 U.S.C. § 2254, Rule 2(b).

– 1 –

29.15, which was denied on May 4, 2000. Petitioner then appealed the motion court's ruling and the Missouri Court of Appeals affirmed the denial. *Wade v. State*, 42 S.W.3d 842 (Mo. App. 2001). On June 10, 2002, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Eastern District of Missouri, which was denied on April 8, 2004. *Wade v. Dormire,* Case No: 4:02-CV-863-JCH.

On June 25, 2012, the United States Supreme Court issued its opinion in *Miller v. Alabama*, 567 U.S. 460, 465 (2012), holding that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" The Court explained that "children are constitutionally different from adults for purposes of sentencing," and that "a sentencer [must] follow a certain process—considering an offender's youth and attendant characteristics—before imposing" life without parole. *Id.* at 471, 483.[2] The Court stopped short of deciding that juvenile life without parole was never permissible, but required sentencers "to take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison." *Id.* at 479-80. The Court opined that "appropriate occasions for sentencing juveniles to this harshest possible penalty will be uncommon." *Id.* at 479.

Following the Supreme Court ruling in *Miller*, on June 19, 2013, Petitioner filed a petition for writ of habeas corpus pursuant to Missouri Supreme Court Rule 91 in the Missouri Supreme Court. Then, on January 27, 2016, in the case *Montgomery v. Louisiana*, 577 U.S. 190 (2016), the Supreme Court held that *Miller* applied retroactively to cases on collateral review. 577 U.S. at 206.

---

2 The Supreme Court determined that "[m]andatory life without parole for a juvenile precludes consideration of his chronological age and its hallmark features – among them, immaturity, impetuosity, and failure to appreciate risks and consequences," the "family and home environment that surrounds him – and from which he cannot usually extricate himself – no matter how brutal or dysfunctional," the "circumstances of the homicide offense," and "the possibility of rehabilitation…" *Miller,* 567 U.S. at 477-478.

The Court further clarified that this retroactive application "does not require States to re-litigate sentences, let alone convictions, in every case where a juvenile offender received mandatory life without parole. A state may remedy a *Miller* violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them." *Id.* at 212. The Court cited to a Wyoming statute that allows juveniles convicted of homicide to be eligible for parole after 25 years of incarceration. *Id.* (citing Wyo. Stat. Ann. § 6-10-301(c) (2013)). The Court held that "[a]llowing those offenders to be considered for parole ensures that juveniles whose crimes reflected only transient immaturity – and who have since matured – will not be forced to serve a disproportionate sentence in violation of the Eighth Amendment." *Id.*

On March 15, 2016, the Missouri Supreme Court sustained Petitioner's writ of habeas corpus in part, and ordered that Petitioner be eligible to apply for parole after serving 25 years' imprisonment on his sentence of life without parole, unless his sentence was otherwise brought into conformity with *Miller* and *Montgomery* by action of the governor or enactment of legislation. It did not grant Petitioner resentencing. Petitioner filed a motion for rehearing on March 30, 2016, challenging the constitutionality of the Missouri Supreme Court's decision.

Petitioner filed a federal petition for writ of habeas corpus on March 21, 2016. On May 19, 2016, this Court transferred the habeas petition to the Eighth Circuit Court of Appeals, because Petitioner had not sought permission to file a second or successive petition. On July 19, 2016, the Missouri Supreme Court vacated the previous grant of partial habeas relief because the Missouri Legislature passed Senate Bill 590 (SB590), which created Mo. Rev. Stat. § 558.047, addressing the procedure to be followed for pending and future first degree murder cases against juveniles, and for those whose sentences were final when *Miller* was decided.[3] When the bill became final, the

---

3 Mo. Rev. Stat. § 558.047 states, in relevant part:

Missouri Supreme Court withdrew its March 15, 2016, order, and entered an order denying Petitioner's petition.

On February 16, 2017, the Eighth Circuit Court of Appeals granted Petitioner leave to file a successive petition with regard to raising the constitutionality of the structure of Petitioner's consecutive sentences on related non-homicide offenses in light of *Miller* and *Montgomery*. Counsel for Petitioner then believed that he must file a new habeas petition on behalf of Petitioner, and so on February 22, 2017, Petitioner filed a new habeas petition. *See* Case No. 4:17-CV-784-DDN (E.D. Mo.). Petitioner moved to consolidate the erroneously filed case with the case before this Court. Consolidation was granted.

On January 30, 2019, this Court denied Petitioner's Amended Petition under 28 U.S.C. §

---

Any person sentenced to a term of imprisonment for life without eligibility for parole before August 28, 2016, who was under 18 years of age at the time of the commission of the offense or offenses, may submit to the parole board a petition for a review of his or her sentence, regardless of whether the case is final for purposes of appeal, after serving twenty-five years of incarceration on the sentence of life without parole….The parole board shall hold a hearing and determine if the defendant shall be granted parole….In a parole review hearing under this section, the board shall consider, in addition to the factors listed in section 565.033: (1) Efforts made toward rehabilitation since the offense or offenses occurred, including participation in educational, vocational, or other programs during incarceration, when available; (2) The subsequent growth and increased maturity of the person since the offense or offenses occurred; (3) Evidence that the person has accepted accountability for the offense or offenses, except in cases where the person has maintained his or her innocence; (4) The person's institutional record during incarceration; and (5) Whether the person remains the same risk to society as he or she did at the time of the initial sentencing.

The additional factors listed in § 565.033 are: (1) The nature and circumstances of the offense committed by the defendant; (2) The degree of the defendant's culpability in light of his or her age and the role in the offense; (3) The defendant's age, maturity, intellectual capacity, and mental and emotional health and development at the time of the offense; (4) The defendant's background, including his or her family, home, and community environment; (5) The likelihood for rehabilitation of the defendant; (6) The extent of the defendant's participation in the offense; (7) The effect of familial pressure or peer pressure on the defendant's actions; (8) The nature and extent of the defendant's prior criminal history, including whether the offense was committed by a person with a prior record of conviction for murder in the first degree, or one or more serious assaultive criminal convictions; (9) The effect of characteristics attributable to the defendant's youth on the defendant's judgment; and (10) A statement by the victim or the victim's family member as provided by section 557.041 until December 31, 2016, and beginning January 1, 2017, section 595.229. Mo. Rev. Stat.

2254 for Writ of Habeas Corpus. (ECF Nos. 32, 33). On February 12, 2019, Petitioner filed a motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (ECF No. 34). In an Order entered September 23, 2019, the Court stayed Petitioner's action to allow him to exhaust his state court remedies. (ECF No. 41).

On July 16, 2020, the Court granted Petitioner's Motion to Lift Stay. (ECF Nos. 43, 47). With leave of Court, Petitioner filed the instant Amended Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody on September 14, 2020. (ECF No. 48).

In his Amended Petition Petitioner raises only one ground for relief, as follows:

> [Petitioner's] rights to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments of the United States Constitution have been violated because without the trial court resentencing him on his murder conviction, he will have no meaningful opportunity for release due to his consecutive sentences on his non-homicide related offenses.

Petitioner argues that SB590 (now Mo. Rev. Stat. § 558.047) fails to address a situation in which a petitioner, after becoming eligible for release from his first-degree murder sentence after 25 years, nevertheless is barred from release due to the structure of his consecutive sentences. Petitioner further argues that his no-parole term of 64.5 years[4] is unconstitutional under *Graham v. Florida*, 560 U.S. 48 (2010), *Miller* and *Montgomery*. Respondents counter that in binding precedent, the Eighth Circuit has rejected a similar challenge by an offender whose aggregate ineligibility period totaled 90 years. (Respondents' Response, P. 2).

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 2254, a district court "shall entertain an application for a writ of

---

§565.033.2.

4 Respondents assert the Parole Board calculated that Petitioner will become eligible for parole on his aggregate sentence structure in 2048, roughly 53 years after he began serving his sentence. (*See* Respondents' Response to Second Amended Petition ("Respondents' Response"), P. 2). Respondents concede that the distinction does not impact the analysis of the claim that Petitioner raises. (*Id.*).

– 5 –

habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." § 2254(a). Federal courts may not grant habeas relief on a claim that has been decided on the merits in state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

§ 2254(d)(1)-(2).

"'A state court's decision is contrary to…clearly established law if it applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a [Supreme Court] decision ... and nevertheless arrives at a [different] result.'" *Cagle v. Norris*, 474 F.3d 1090, 1095 (8th Cir. 2007) (alteration in original) (quoting *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003)).

A state court "unreasonably applies" federal law when it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams v. Taylor*, 529 U.S. 362, 407 (2000) (citation omitted). A state court's factual findings are presumed to be correct, and a state court decision may be considered an unreasonable determination "only if the court's presumptively correct factual findings do not enjoy support in the record." *Bahtuoh v. Smith*, 855 F.3d 868, 873 (8th Cir. 2017) (internal quotation marks and citation omitted).

## **DISCUSSION**

As noted above, Petitioner argues that SB590 fails to address the consecutive sentences he

received on the five other counts on which he was convicted. He maintains that, even if he is eligible for parole on the first degree murder count, an additional 30-40 years in prison amounts to a de facto sentence of life without parole. Upon consideration, the Court finds the Eighth Circuit's recent decision in *Ali v. Roy*, 950 F.3d 572 (8th Cir. 2020), instructive. At age sixteen Ali was sentenced to three consecutive life sentences, each with parole eligibility after thirty years. *Id.* at 573. That meant that, at minimum, Ali had to serve ninety years in prison. *Id.* Ali argued that a sentence of ninety years in prison before becoming parole eligible was functionally equivalent to a sentence of life without parole. *Id.* Minnesota courts rejected his argument, however, and the Eighth Circuit affirmed, finding reasonable the Minnesota Supreme Court's holding that *Miller* and *Montgomery* are expressly limited in application to juveniles sentenced to life without parole. *Id.*

The Eighth Circuit noted that "United States Supreme Court dicta—which has since been adopted in several jurisdictions—suggests the cumulative effect of multiple sentences is irrelevant to Eighth Amendment analyses." *Id.* (citing *State v. Ali*, 895 N.W.2d 237, 246 (Minn. 2017)). The Eighth Circuit also recognized, as Petitioner notes in this case, that some jurisdictions have applied *Miller* and *Montgomery* to juveniles who were not sentenced to life without parole, but it concluded that "*Miller* and *Montgomery* only explicitly applied to juveniles facing life-without-parole sentences," and that "reason does not mandate their application to [a petitioner's] multiple lesser sentences." *Id.* at 576.

In light of *Ali*, this Court concludes that Petitioner's de-facto-life-sentence argument must fail.[5] Likewise, the Court concludes that Petitioner's argument that he is entitled to resentencing on the other five counts must fail; "because *Miller* and *Montgomery* are limited to true life-without-

---

[5] While Petitioner originally was sentenced to life imprisonment without the possibility of parole, that situation was remedied by the passage of SB590. Petitioner acknowledges that he now is eligible for parole consideration on his first-degree murder conviction, and that in fact he was scheduled for a twenty-five year parole hearing on September 18, 2020. (*See* Amended Petition, PP.

– 7 –

parole sentences, they create no constitutional burden on other additional sentences." *Wilson v. Wallace*, Case No. 4:16CV419 JAR, 2020 WL 1324043, at *6 (E.D. Mo. Mar. 19, 2020). "Put simply, this Court will not extend *Miller* or *Montgomery* to consecutive terms of years when the Eighth Circuit recently declined to do so itself." *Id.*

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Carlos Wade's Amended Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 48), is **DENIED**, and his claim is **DISMISSED** with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that, because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998).

Dated this 7th Day of December, 2022.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

8-9).