CLOSED,APPEAL,HABEAS,LEADTR,REOPEN,TRCK4

# U.S. District Court
# Eastern District of Missouri (St. Louis)
# CIVIL DOCKET FOR CASE #: <u>4:16−cv−00378−JCH</u>
# *Internal Use Only*

Wade v. Wallace

Assigned to: District Judge Jean C. Hamilton

Member case:

   4:17−cv−00784−JCH

Cause: 28:2254 Petition for Writ of Habeas Corpus (State)

Date Filed: 03/21/2016

Date Terminated: 01/30/2019

Jury Demand: None

Nature of Suit: 530 Habeas Corpus (General)

Jurisdiction: Federal Question

## <u>Petitioner</u>

**Carlos Wade**
                                     represented by   **Kevin L. Schriener**
LAW AND SCHRIENER, LLC
141 N. Meramec Avenue
Suite 314
St. Louis, MO 63105
314−721−7095
Fax: 314−863−7096
Email: <u>kschriener@schrienerlaw.com</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*
*Bar Status: Active*

V.

## <u>Respondent</u>

**Ian Wallace**
*Warden, Southeast Correctional Center*
*TERMINATED: 05/04/2018*
                                       represented by   **Michael J. Spillane**
ATTORNEY GENERAL OF MISSOURI
Assistant Attorney General
221 W. High Street
P.O. Box 899
Jefferson City, MO 65102−0899
573−751−3321
Fax: 573−751−3825
Email: <u>mike.spillane@ago.mo.gov</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: State / Local Government*
*Bar Status: Gov*

**Stephen D. Hawke**
OFFICE OF THE ATTORNEY
GENERAL OF MISSOURI − Jefferson
City
207 W. High St.

P.O. Box 899
Jefferson City, MO 65102–0899
573–751–8432
Fax: 573–751–3825
Email: stephen.hawke@ago.mo.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation:*
*Bar Status: Gov*

**Respondent**

**Jason Lewis**                                       represented by   **Michael J. Spillane**
*Warden, Southeast Correctional Center*                               (See above for address)
                                                                      *LEAD ATTORNEY*
                                                                      *ATTORNEY TO BE NOTICED*
                                                                      *Designation: State / Local Government*
                                                                      *Bar Status: Gov*

                                                                      **Stephen D. Hawke**
                                                                      OFFICE OF THE ATTORNEY
                                                                      GENERAL OF MISSOURI – Jefferson
                                                                      City
                                                                      Assistant Attorney General
                                                                      207 W. High St.
                                                                      P.O. Box 899
                                                                      Jefferson City, MO 65102–0899
                                                                      573–751–8432
                                                                      Fax: 573–751–3825
                                                                      Email: stephen.hawke@ago.mo.gov
                                                                      *LEAD ATTORNEY*
                                                                      *ATTORNEY TO BE NOTICED*
                                                                      *Designation:*
                                                                      *Bar Status: Gov*

**Respondent**

**Joshua Hawley**                                     represented by   **Michael J. Spillane**
*Missouri Attorney General*                                           (See above for address)
                                                                      *LEAD ATTORNEY*
                                                                      *ATTORNEY TO BE NOTICED*
                                                                      *Designation: State / Local Government*
                                                                      *Bar Status: Gov*

                                                                      **Stephen D. Hawke**
                                                                      (See above for address)
                                                                      *LEAD ATTORNEY*
                                                                      *ATTORNEY TO BE NOTICED*
                                                                      *Designation:*
                                                                      *Bar Status: Gov*

 Email All Attorneys
 (will not send to terminated parties)

Email All Attorneys and Additional Recipients
(will not send to terminated parties)

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 03/21/2016 | 1 | | PETITION for Writ of Habeas Corpus by Petitioner Carlos Wade. (Schriener, Kevin) (Entered: 03/21/2016) |
| 03/21/2016 | 2 | | MOTION for Leave to Proceed in forma pauperis by Petitioner Carlos Wade. (Schriener, Kevin) (Entered: 03/21/2016) |
| 03/22/2016 | | | Case Opening Notification: Judge Assigned: Honorable Jean C. Hamilton. (JWD) (Entered: 03/22/2016) |
| 05/18/2016 | 3 | | MEMORANDUM AND ORDER – IT IS HEREBY ORDERED that petitioners motion for leave to proceed in forma pauperis [ECF No. 2 ] is GRANTED. IT IS FURTHER ORDERED that this action is DISMISSED without prejudice. An Order of Dismissal will be filed separately. Signed by District Judge Jean C. Hamilton on 5/18/16. (KJS) (Entered: 05/18/2016) |
| 05/18/2016 | 4 | | ORDER OF DISMISSAL – IT IS HEREBY ORDERED that this action is DISMISSED without prejudice. IT IS FURTHER ORDERED that the Court will not issue a certificate of appealability. Signed by District Judge Jean C. Hamilton on 5/18/16. (KJS) (Entered: 05/18/2016) |
| 05/18/2016 | 5 | | MOTION to Alter Judgment by Petitioner Carlos Wade. (Schriener, Kevin) (Entered: 05/18/2016) |
| 05/18/2016 | 6 | | MEMORANDUM in Support of Motion re 5 MOTION to Alter Judgment filed by Petitioner Carlos Wade. (Schriener, Kevin) (Entered: 05/18/2016) |
| 05/19/2016 | 7 | | ORDER OF TRANSFER that the instant petition for writ of habeas corpus pursuant to 28 U.S.C. 2254 is TRANSFERRED to the Eighth Circuit Court of appeals pursuant to 28 U.S.C. 1631. signed by Judge Hamilton(CLA) (Entered: 05/19/2016) |
| 05/19/2016 | 8 | | ORDER IT IS HEREBY ORDERED that petitioners relief from judgment [ECF No. 5] is GRANTED. IT IS FURTHER ORDERED that the Order of Dismissal entered May 18, 2016, [ECF No. 4] is VACATED. IT IS FURTHER ORDERED that this action is reopened and is TRANSFERRED to the Court of Appeals for the Eighth Circuit. 5 Signed by District Judge Jean C. Hamilton on 5/19/16. (CLA) (Entered: 05/19/2016) |
| 02/16/2017 | 9 | | USCA JUDGMENT Regarding: "The petition for authorization to file a successive 28 U.S.C. sec. 2254 petition, raising the constitutionality of the structures of their consecutive sentences on related non–homicide offenses in light of Miller v. Alabama, 132 S. Ct. 2455 (2012) and Montgomery v Louisiana, 136 S.Ct. 718 (2016), is granted. Mandate shall issue forthwith." USCA Appeal #: 16–2277 (Cc: Chambers, Case Initiation) (GGB) Modified on 2/16/2017 (GGB). (Entered: 02/16/2017) |
| 02/16/2017 | 10 | | USCA MANDATE Regarding: "In accordance with the judgment of 02/16/2017, and pursuant to the provisions of Federal Rule of Appellate Procedure 41(a), the formal mandate is hereby issued in the above–styled matter." USCA Appeal #: 16–2277 (GGB) (Entered: 02/16/2017) |

| 07/12/2017 | 11 | | CASE MANAGEMENT ORDER – This case is assigned to Track: 4–Habeas Corpus Petition IT IS HEREBY ORDERED that the following provisions apply in this case, and will be modified only upon a showing of exceptional circumstances: Respondent must show cause, in writing and within forty–five (45) days of the date of this order, why the relief requested in the instant petition should not be granted. In accordance with Rule 5(b) of the Rules Governing § 2254 Cases, Respondent's answer must address the merits of all grounds for relief alleged in the petition. In addition, it must state whether any ground in the petition is barred by a failure to exhaust state remedies, a procedural bar, non–retroactivity, or a statute of limitations. IT IS FURTHER ORDERED that, if Petitioner chooses to file a reply to Respondents answer to the petition, the reply must be filed within sixty (60) days of the date the answer to the petition is filed. If Petitioner fails to timely file a reply, the right to file such a reply must be waived. See Rule 5(e) of the Rules Governing § 2254 Cases. (Show Cause Response due by 8/28/2017.) Signed by District Judge Jean C. Hamilton on 7/12/17. (KJS) (Entered: 07/12/2017) |
| 07/28/2017 | 12 | | ENTRY of Appearance by Michael J. Spillane for Respondent Ian Wallace. (Spillane, Michael) (Entered: 07/28/2017) |
| 08/28/2017 | 13 | | RESPONSE TO ORDER TO SHOW CAUSE *Response to Show Cause Order* by Respondent Ian Wallace. (Spillane, Michael) (Entered: 08/28/2017) |
| 11/02/2017 | 14 | | RESPONSE TO ORDER TO SHOW CAUSE *Response to Show Cause Order with Exhibits to Response previously filed on 8–28–2017* by Respondent Ian Wallace. (Attachments: # 1 Exhibit Respondent's Exhibit 1: Docket Sheet from Wade's Missouri Supreme Court Habeas Action Case, # 2 Exhibit Respondent's Exhibit 2: Mo Rev. Statute 558.047, # 3 Exhibit Respondent's Exhibit 3: Form Used in Evaluating Offenders in Connection with Parole Hearings for Offenders Formerly Sentenced to Life Without Parole for Murders Committed Before Age 18, # 4 Exhibit Respondent's Exhibit 4: Order in Ramirez v Griffith)(Spillane, Michael) (Entered: 11/02/2017) |
| 11/02/2017 | 15 | | MOTION for Leave to File Motion for an Extension of Time to file a Reply Out of Time by Petitioner Carlos Wade. (Attachments: # 1 Attachment Motion For an Extension of Time)(Schriener, Kevin) (Entered: 11/02/2017) |
| 11/03/2017 | 16 | | Docket Text ORDER: Re: 15 MOTION for Leave to File Motion for an Extension of Time to file a Reply Out of Time by Petitioner Carlos Wade. (Attachments: # 1 Attachment Motion For an Extension of Time)(Schriener, Kevin) filed by Carlos Wade ; ORDERED GRANTED JCH. Signed by District Judge Jean C. Hamilton on 11/3/17. (CLA) (Entered: 11/03/2017) |
| 11/27/2017 | 17 | | Second MOTION for Extension of Time to File Response/Reply by Petitioner Carlos Wade. (Schriener, Kevin) (Entered: 11/27/2017) |
| 11/28/2017 | 18 | | Docket Text ORDER: Re: 17 Second MOTION for Extension of Time to File Response/Reply by Petitioner Carlos Wade. (Schriener, Kevin) ; ORDERED GRANTED. Signed by District Judge Jean C. Hamilton on 11/28/17. (JAB) (Entered: 11/28/2017) |
| 12/27/2017 | 19 | | Third MOTION for Extension of Time to File Response/Reply by Petitioner Carlos Wade. (Schriener, Kevin) (Entered: 12/27/2017) |
| 12/28/2017 | 20 | | |

| | | | |
|---|---|---|---|
| | | | Docket Text ORDER: Re: 19 Third MOTION for Extension of Time to File Response/Reply filed by Carlos Wade; GRANTED – SO ORDERED ( Response to Court due by 1/26/2018.). Signed by District Judge Jean C. Hamilton on 12/28/17. (KJS) (Entered: 12/28/2017) |
| 01/29/2018 | 21 | | MOTION for Extension of Time to File Response/Reply by Petitioner Carlos Wade. (Schriener, Kevin) (Entered: 01/29/2018) |
| 01/29/2018 | 22 | | Docket Text ORDER: Re: 21 MOTION for Extension of Time to File Response/Reply by Petitioner Carlos Wade. (Schriener, Kevin) filed by Carlos Wade ; ORDERED GRANTED JCH. Signed by District Judge Jean C. Hamilton on 1/29/18. (CLA) (Entered: 01/29/2018) |
| 02/09/2018 | 23 | | MOTION to Consolidate Cases Consolidate with higher case number 4:17–cv–784 by Petitioner Carlos Wade. (Schriener, Kevin) (Entered: 02/09/2018) |
| 02/26/2018 | 24 | | Docket Text ORDER CONSOLIDATING CASES re 23 MOTION to Consolidate Cases filed by Petitioner Carlos Wade – IT IS HEREBY ORDERED that Wade v. Lewis, 4:17CV784 DDN is consolidated with Wade v. Wallace, 4:16CV378 JCH. Case 4:17CV784 DDN is reassigned to District Judge Jean C. Hamilton, consolidated with 4:16CV378 and terminated; SO ORDERED. (Respondent Jason Lewis, Warden added) (4:17CV784 JCH terminated) Signed by District Judge Jean C. Hamilton on 2/26/18. (KJS) (Entered: 02/26/2018) |
| 03/16/2018 | 25 | | MOTION for Leave to File Amended Habeas Petition by Petitioner Carlos Wade. (Schriener, Kevin) (Entered: 03/16/2018) |
| 04/09/2018 | 26 | | Docket Text ORDER: Re: 25 MOTION for Leave to File Amended Habeas Petition by Petitioner Carlos Wade. (Schriener, Kevin) filed by Carlos Wade; GRANTED IN PART AND DENIED IN PART; PETITIONER GIVEN 10 DAYS FROM THE DATE OF THIS ORDER TO FILE AND AMENDED HABEAS PETITION, AND THAT NO FURTHER EXTENSIONS WILL BE GRANTED; JCH. Signed by District Judge Jean C. Hamilton on 4/9/18. (CLA) (Entered: 04/09/2018) |
| 04/19/2018 | 27 | | AMENDED PETITION for Writ of Habeas Corpus by Petitioner Carlos Wade. (Schriener, Kevin) (Entered: 04/19/2018) |
| 04/24/2018 | 28 | | RESPONSE TO ORDER TO SHOW CAUSE *Response to Amended Petition* by Respondent Ian Wallace. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10)(Spillane, Michael) (Entered: 04/24/2018) |
| 05/03/2018 | 29 | | TRAVERSE re 27 AMENDED PETITION for Writ of Habeas Corpus filed by Petitioner Carlos Wade. (Attachments: # 1 Exhibit Exhibit A Institutional Face Sheet)(Schriener, Kevin) (Entered: 05/03/2018) |
| 05/03/2018 | 30 | | MOTION to Substitute Party *and Add Party* by Petitioner Carlos Wade. (Schriener, Kevin) (Entered: 05/03/2018) |
| 05/04/2018 | 31 | | Docket Text ORDER: Re: 30 MOTION to Substitute Party *and Add Party* filed by Carlos Wade; GRANTED – SO ORDERED. {Joshua Hawley added. Ian Wallace (Warden, Southeast Correctional Center) terminated. Jason Lewis (Warden, Southeast Correctional Center) added. } Signed by District Judge Jean |

| | | | |
|---|---|---|---|
| | | | C. Hamilton on 5/4/18. (KJS) (Entered: 05/04/2018) |
| 01/30/2019 | 32 | | MEMORANDUM AND ORDER IT IS HEREBY ORDERED that Plaintiff Carlos Wades Amended Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 27), is DENIED; and that his claims are DISMISSED with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order. Signed by District Judge Jean C. Hamilton on 1/30/19. (CLA) (Entered: 01/30/2019) |
| 01/30/2019 | 33 | | ORDER OF DISMISSAL IT IS HEREBY ORDERED that petitioner's application for a writ of habeas corpus pursuant to 28USCS2254 is DISMISSED, with prejudice. Signed by District Judge Jean C. Hamilton on 1/30/19. (CLA) (Entered: 01/30/2019) |
| 02/12/2019 | 34 | | MOTION to Alter Judgment *Or Amend Judgment or in the Alternative for a Certificate of Appealability* by Petitioner Carlos Wade. (Schriener, Kevin) (Entered: 02/12/2019) |
| 02/12/2019 | 35 | | MEMORANDUM in Support of Motion re 34 MOTION to Alter Judgment *Or Amend Judgment or in the Alternative for a Certificate of Appealability* filed by Petitioner Carlos Wade. (Schriener, Kevin) (Entered: 02/12/2019) |
| 04/04/2019 | 36 | | ORDER – IT IS HEREBY ORDERED, that Plaintiff shall respond to Plaintiffs Motion to Alter or Amend Judgement, in writing, by Monday, May 20, 2019; and that should the Defendants fail to respond, the Court will rule on the Motion, (ECF No. 24 ), unopposed. Response to Court due by 5/20/2019.. Signed by District Judge Jean C. Hamilton on 04/04/2019. (AAS) (Entered: 04/04/2019) |
| 05/17/2019 | 37 | | RESPONSE in Opposition re 34 MOTION to Alter Judgment *Or Amend Judgment or in the Alternative for a Certificate of Appealability* filed by Respondent Jason Lewis. (Spillane, Michael) (Entered: 05/17/2019) |
| 05/24/2019 | 38 | | MOTION for Extension of Time to File Response/Reply by Petitioner Carlos Wade. (Schriener, Kevin) (Entered: 05/24/2019) |
| 05/24/2019 | 39 | | Docket Text ORDER: Re: 38 MOTION for Extension of Time to File Response/Reply by Petitioner Carlos Wade. (Schriener, Kevin) filed by Carlos Wade ; ORDERED GRANTED JCH. Signed by District Judge Jean C. Hamilton on 5/24/19. (CLA) (Entered: 05/24/2019) |
| 06/03/2019 | 40 | | REPLY to Response to Motion re 34 MOTION to Alter Judgment *Or Amend Judgment or in the Alternative for a Certificate of Appealability* filed by Petitioner Carlos Wade. (Schriener, Kevin) (Entered: 06/03/2019) |
| 09/23/2019 | 41 | | MEMORANDUM AND ORDER – IT IS HEREBY ORDERED that this action is STAYED until petitioner Carlos Wade exhausts his state court remedies. Wade must pursue state court remedies within 30 days after this stay is entered and return to federal court within 30 days after state court exhaustion is completed.( Response to Court due by 10/23/2019.). Signed by District Judge Jean C. Hamilton on 09/23/2019. (AAS) (Entered: 09/23/2019) |
| 10/23/2019 | 42 | | RESPONSE TO COURT ORDER *Regarding Exhaustion of State Remedies* by Petitioner Carlos Wade. (Attachments: # 1 Exhibit State Court Filings)(Schriener, Kevin) (Entered: 10/23/2019) |

| 06/04/2020 | 43 | MOTION to Lift Stay by Petitioner Carlos Wade. (Attachments: # 1 Exhibit Missouri Supreme Court Docket Sheet)(Schriener, Kevin) (Entered: 06/04/2020) |
|---|---|---|
| 07/08/2020 | 44 | RESPONSE TO COURT ORDER re 43 MOTION to Lift Stay , 42 Response to Court Order *Amended Petition* by Respondent Ian Wallace. (Spillane, Michael) (Entered: 07/08/2020) |
| 07/14/2020 | 45 | Docket Text ORDER: The Court sets this matter for a teleconference on Thursday, July 16, 2020 at 10:30 am. Plaintiff counsel shall initiate the call with defense counsel and call chambers at 314–244–7600 when all parties are on the line. (Telephone Conference set for 7/16/2020 10:30 AM in Telephone Conference in Chambers before District Judge Jean C. Hamilton.) Signed by District Judge Jean C. Hamilton on 7/14/2020. (AFC) (Entered: 07/14/2020) |
| 07/16/2020 | 46 | ELECTRONIC MINUTE ENTRY (no pdf attached) for proceedings held before District Judge Jean C. Hamilton: Telephone Conference held on 7/16/2020. The Court stated to the parties that the stay will be lifted and wanted to discuss a briefing schedule. The parties agreed that further briefing would be appropriate and a schedule was determined. DTO to issue. (proceedings started: 10:28 AM) (proceedings ended: 10:33 AM) (AFC) (Entered: 07/16/2020) |
| 07/16/2020 | 47 | Docket Text ORDER Re: 43 MOTION to Lift Stay by Petitioner Carlos Wade; ORDERED GRANTED. Per the telephone conference with the parties on 7/16/2020 the following briefing schedule will be set: Plaintiff has 60 days from this date to file any amended petition. 30 days after the date of the filing of the amended petition, defendants shall file any response to the amended petition and 14 days following the defendants' response, plaintiff shall file any reply. (Amended/Supplemental Pleadings due by 9/14/2020.) Signed by District Judge Jean C. Hamilton on 7/16/2020. (AFC) (Entered: 07/16/2020) |
| 09/14/2020 | 48 | AMENDED PETITION FOR WRIT OF HABEAS CORPUS re 1 PETITION for Writ of Habeas Corpus by Petitioner Carlos Wade. (ARL) Modified on 9/15/2020 (KXS). (Entered: 09/14/2020) |
| 09/22/2020 | 49 | RESPONSE TO ORDER TO SHOW CAUSE re 48 PETITION for Writ of Habeas Corpus *Second Amended Petition* by Respondent Jason Lewis. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9)(Spillane, Michael) (Entered: 09/22/2020) |
| 10/06/2020 | 50 | TRAVERSE re 48 PETITION for Writ of Habeas Corpus filed by Petitioner Carlos Wade. (Schriener, Kevin) (Entered: 10/06/2020) |
| 12/07/2022 | 51 | MEMORANDUM AND ORDER: IT IS HEREBY ORDERED that Petitioner Carlos Wade's Amended Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 48 ), is DENIED, and his claim is DISMISSED with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order. IT IS FURTHER ORDERED that, because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998). Signed by District Judge Jean C. Hamilton on 12/7/2022. (KEK) (Entered: 12/07/2022) |
| 12/07/2022 | 52 | |

| | | | |
|---|---|---|---|
| | | | ORDER OF DISMISSAL: IT IS HEREBY ORDERED, ADJUDGED and DECREED that Petitioner's Amended Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody is DENIED, and his claim is DISMISSED with prejudice. Signed by District Judge Jean C. Hamilton on 12/7/2022. (KEK) (Entered: 12/07/2022) |
| 12/18/2022 | 53 | | NOTICE OF APPEAL as to 51 Memorandum & Order,, 52 Order, by Petitioner Carlos Wade. (Entered: 12/18/2022) |
| 12/19/2022 | 54 | | NOTIFICATION OF APPEAL AND NOA SUPPLEMENT by clerk to USCA regarding 51 Memorandum & Order,, 52 Order,. Notice of Appeal filed on 12/18/2022 by Petitioner Carlos Wade. NOTIFICATION TO COUNSEL AND PRO SE PARTY: FILE REQUEST FOR TRANSCRIPT WITH DISTRICT COURT CLERKS OFFICE.(JBH) (Entered: 12/19/2022) |
| 12/19/2022 | 55 | | Initial Notification from USCA for 53 Notice of Appeal filed by Carlos Wade USCA Appeal Number: 22−3609(KEK) (Entered: 12/19/2022) |
| 12/19/2022 | 56 | | ORDER of USCA as to 53 Notice of Appeal filed by Carlos Wade USCA Appeal #:22−3609 − If the original file of the United States District Court is available for review in electronic format, the court will rely on the electronic version of the record in its review. The appendices required by Eighth Circuit Rule 30A shall not be required. In accordance with Eighth Circuit Local Rule 30A(a)(2), the Clerk of the United States District Court is requested to forward to this Court forthwith any portions of the original record which are not available in an electronic format through PACER, including any documents maintained in paper format or filed under seal, exhibits, CDs, videos, administrative records and state court files. These documents should be submitted within 10 days.(KEK) (Entered: 12/19/2022) |
| 12/22/2022 | 57 | | NOTICE OF APPEAL as to 51 Memorandum & Order,, by Petitioner Carlos Wade. (NEP) (Entered: 12/23/2022) |
| 12/23/2022 | 58 | | NOTIFICATION OF APPEAL AND NOA SUPPLEMENT by clerk to USCA regarding 51 Memorandum & Order,,. Notice of Appeal filed on 12−22−2022 by Petitioner Carlos Wade. NOTIFICATION TO COUNSEL AND PRO SE PARTY: FILE REQUEST FOR TRANSCRIPT WITH DISTRICT COURT CLERKS OFFICE.(JDC) (Entered: 12/23/2022) |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CARLOS WADE,                          )
                                      )
        Petitioner,                   )
                                      )
    vs.                               )        Case No. 4:16CV378 JCH
                                      )
BILL STANGE, et al.,                  )
                                      )
        Respondents.                  )

## MEMORANDUM AND ORDER

This matter is before the Court on Missouri State prisoner Carlos Wade's Amended Petition

under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, filed September

14, 2020.  The petition is fully briefed and ready for disposition.

## BACKGROUND

On November 22, 1996, a jury in the Circuit Court of the City of St. Louis, Missouri, found

Petitioner guilty of one count of murder in the first degree, two counts of assault in the first degree,

and three counts of armed criminal action for events occurring when Petitioner was under 18 years

old.  On January 10, 1997, Petitioner was sentenced to mandatory life imprisonment without the

possibility of parole on the count of murder in the first degree, fifteen (15) years on both counts of

assault in the first degree, and thirty (30) years on all three counts of armed criminal action.  Each

sentence is to be served consecutively.[1]  The Missouri Court of Appeals affirmed the convictions and

sentence.  *State v. Wade*, 998 S.W.2d 95 (Mo. App. 1999).

Petitioner filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule

---

1 Because Wade is serving consecutive sentences, Missouri Attorney General Eric Schmitt is a
proper party respondent.  *See* 28 U.S.C. § 2254, Rule 2(b).

– 1 –

29.15, which was denied on May 4, 2000. Petitioner then appealed the motion court's ruling and the Missouri Court of Appeals affirmed the denial. *Wade v. State*, 42 S.W.3d 842 (Mo. App. 2001). On June 10, 2002, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Eastern District of Missouri, which was denied on April 8, 2004. *Wade v. Dormire,* Case No: 4:02-CV-863-JCH.

On June 25, 2012, the United States Supreme Court issued its opinion in *Miller v. Alabama*, 567 U.S. 460, 465 (2012), holding that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" The Court explained that "children are constitutionally different from adults for purposes of sentencing," and that "a sentencer [must] follow a certain process—considering an offender's youth and attendant characteristics—before imposing" life without parole. *Id.* at 471, 483.[2] The Court stopped short of deciding that juvenile life without parole was never permissible, but required sentencers "to take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison." *Id.* at 479-80. The Court opined that "appropriate occasions for sentencing juveniles to this harshest possible penalty will be uncommon." *Id.* at 479.

Following the Supreme Court ruling in *Miller*, on June 19, 2013, Petitioner filed a petition for writ of habeas corpus pursuant to Missouri Supreme Court Rule 91 in the Missouri Supreme Court. Then, on January 27, 2016, in the case *Montgomery v. Louisiana*, 577 U.S. 190 (2016), the Supreme Court held that *Miller* applied retroactively to cases on collateral review. 577 U.S. at 206.

---

2 The Supreme Court determined that "[m]andatory life without parole for a juvenile precludes consideration of his chronological age and its hallmark features – among them, immaturity, impetuosity, and failure to appreciate risks and consequences," the "family and home environment that surrounds him – and from which he cannot usually extricate himself – no matter how brutal or dysfunctional," the "circumstances of the homicide offense," and "the possibility of rehabilitation…" *Miller*, 567 U.S. at 477-478.

– 2 –

The Court further clarified that this retroactive application "does not require States to re-litigate sentences, let alone convictions, in every case where a juvenile offender received mandatory life without parole. A state may remedy a *Miller* violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them." *Id.* at 212. The Court cited to a Wyoming statute that allows juveniles convicted of homicide to be eligible for parole after 25 years of incarceration. *Id.* (citing Wyo. Stat. Ann. § 6-10-301(c) (2013)). The Court held that "[a]llowing those offenders to be considered for parole ensures that juveniles whose crimes reflected only transient immaturity – and who have since matured – will not be forced to serve a disproportionate sentence in violation of the Eighth Amendment." *Id.*

On March 15, 2016, the Missouri Supreme Court sustained Petitioner's writ of habeas corpus in part, and ordered that Petitioner be eligible to apply for parole after serving 25 years' imprisonment on his sentence of life without parole, unless his sentence was otherwise brought into conformity with *Miller* and *Montgomery* by action of the governor or enactment of legislation. It did not grant Petitioner resentencing. Petitioner filed a motion for rehearing on March 30, 2016, challenging the constitutionality of the Missouri Supreme Court's decision.

Petitioner filed a federal petition for writ of habeas corpus on March 21, 2016. On May 19, 2016, this Court transferred the habeas petition to the Eighth Circuit Court of Appeals, because Petitioner had not sought permission to file a second or successive petition. On July 19, 2016, the Missouri Supreme Court vacated the previous grant of partial habeas relief because the Missouri Legislature passed Senate Bill 590 (SB590), which created Mo. Rev. Stat. § 558.047, addressing the procedure to be followed for pending and future first degree murder cases against juveniles, and for those whose sentences were final when *Miller* was decided.[3] When the bill became final, the

---

3 Mo. Rev. Stat. § 558.047 states, in relevant part:

– 3 –

Missouri Supreme Court withdrew its March 15, 2016, order, and entered an order denying Petitioner's petition.

On February 16, 2017, the Eighth Circuit Court of Appeals granted Petitioner leave to file a successive petition with regard to raising the constitutionality of the structure of Petitioner's consecutive sentences on related non-homicide offenses in light of *Miller* and *Montgomery*. Counsel for Petitioner then believed that he must file a new habeas petition on behalf of Petitioner, and so on February 22, 2017, Petitioner filed a new habeas petition. *See* Case No. 4:17-CV-784-DDN (E.D. Mo.). Petitioner moved to consolidate the erroneously filed case with the case before this Court. Consolidation was granted.

On January 30, 2019, this Court denied Petitioner's Amended Petition under 28 U.S.C. §

---

Any person sentenced to a term of imprisonment for life without eligibility for parole before August 28, 2016, who was under 18 years of age at the time of the commission of the offense or offenses, may submit to the parole board a petition for a review of his or her sentence, regardless of whether the case is final for purposes of appeal, after serving twenty-five years of incarceration on the sentence of life without parole….The parole board shall hold a hearing and determine if the defendant shall be granted parole….In a parole review hearing under this section, the board shall consider, in addition to the factors listed in section 565.033: (1) Efforts made toward rehabilitation since the offense or offenses occurred, including participation in educational, vocational, or other programs during incarceration, when available; (2) The subsequent growth and increased maturity of the person since the offense or offenses occurred; (3) Evidence that the person has accepted accountability for the offense or offenses, except in cases where the person has maintained his or her innocence; (4) The person's institutional record during incarceration; and (5) Whether the person remains the same risk to society as he or she did at the time of the initial sentencing.

The additional factors listed in § 565.033 are: (1) The nature and circumstances of the offense committed by the defendant; (2) The degree of the defendant's culpability in light of his or her age and the role in the offense; (3) The defendant's age, maturity, intellectual capacity, and mental and emotional health and development at the time of the offense; (4) The defendant's background, including his or her family, home, and community environment; (5) The likelihood for rehabilitation of the defendant; (6) The extent of the defendant's participation in the offense; (7) The effect of familial pressure or peer pressure on the defendant's actions; (8) The nature and extent of the defendant's prior criminal history, including whether the offense was committed by a person with a prior record of conviction for murder in the first degree, or one or more serious assaultive criminal convictions; (9) The effect of characteristics attributable to the defendant's youth on the defendant's judgment; and (10) A statement by the victim or the victim's family member as provided by section 557.041 until December 31, 2016, and beginning January 1, 2017, section 595.229. Mo. Rev. Stat.

– 4 –

2254 for Writ of Habeas Corpus. (ECF Nos. 32, 33). On February 12, 2019, Petitioner filed a motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (ECF No. 34). In an Order entered September 23, 2019, the Court stayed Petitioner's action to allow him to exhaust his state court remedies. (ECF No. 41).

On July 16, 2020, the Court granted Petitioner's Motion to Lift Stay. (ECF Nos. 43, 47). With leave of Court, Petitioner filed the instant Amended Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody on September 14, 2020. (ECF No. 48).

In his Amended Petition Petitioner raises only one ground for relief, as follows:

> [Petitioner's] rights to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments of the United States Constitution have been violated because without the trial court resentencing him on his murder conviction, he will have no meaningful opportunity for release due to his consecutive sentences on his non-homicide related offenses.

Petitioner argues that SB590 (now Mo. Rev. Stat. § 558.047) fails to address a situation in which a petitioner, after becoming eligible for release from his first-degree murder sentence after 25 years, nevertheless is barred from release due to the structure of his consecutive sentences. Petitioner further argues that his no-parole term of 64.5 years[4] is unconstitutional under *Graham v. Florida*, 560 U.S. 48 (2010), *Miller* and *Montgomery*. Respondents counter that in binding precedent, the Eighth Circuit has rejected a similar challenge by an offender whose aggregate ineligibility period totaled 90 years. (Respondents' Response, P. 2).

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 2254, a district court "shall entertain an application for a writ of

---

§565.033.2.

[4] Respondents assert the Parole Board calculated that Petitioner will become eligible for parole on his aggregate sentence structure in 2048, roughly 53 years after he began serving his sentence. (*See* Respondents' Response to Second Amended Petition ("Respondents' Response"), P. 2). Respondents concede that the distinction does not impact the analysis of the claim that Petitioner raises. (*Id.*).

– 5 –

habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the

ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

§ 2254(a).  Federal courts may not grant habeas relief on a claim that has been decided on the merits

in state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the Supreme Court
> of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the
> facts in light of the evidence presented in the State court proceeding.

§ 2254(d)(1)-(2).

"'A state court's decision is contrary to…clearly established law if it applies a rule that

contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that

are materially indistinguishable from a [Supreme Court] decision ... and nevertheless arrives at a

[different] result.'"  *Cagle v. Norris*, 474 F.3d 1090, 1095 (8th Cir. 2007) (alteration in original)

(quoting *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003)).

A state court "unreasonably applies" federal law when it "identifies the correct governing

legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular

state prisoner's case," or "unreasonably extends a legal principle from [the Supreme Court's]

precedent to a new context where it should not apply or unreasonably refuses to extend that principle

to a new context where it should apply."  *Williams v. Taylor*, 529 U.S. 362, 407 (2000) (citation

omitted).  A state court's factual findings are presumed to be correct, and a state court decision may

be considered an unreasonable determination "only if the court's presumptively correct factual

findings do not enjoy support in the record." *Bahtuoh v. Smith*, 855 F.3d 868, 873 (8th Cir. 2017)

(internal quotation marks and citation omitted).

## DISCUSSION

As noted above, Petitioner argues that SB590 fails to address the consecutive sentences he

– 6 –

received on the five other counts on which he was convicted.  He maintains that, even if he is

eligible for parole on the first degree murder count, an additional 30-40 years in prison amounts to a

de facto sentence of life without parole.  Upon consideration, the Court finds the Eighth Circuit's

recent decision in *Ali v. Roy*, 950 F.3d 572 (8th Cir. 2020), instructive.  At age sixteen Ali was

sentenced to three consecutive life sentences, each with parole eligibility after thirty years.  *Id.* at

573.  That meant that, at minimum, Ali had to serve ninety years in prison.  *Id.*  Ali argued that a

sentence of ninety years in prison before becoming parole eligible was functionally equivalent to a

sentence of life without parole.  *Id.*  Minnesota courts rejected his argument, however, and the

Eighth Circuit affirmed, finding reasonable the Minnesota Supreme Court's holding that *Miller* and

*Montgomery* are expressly limited in application to juveniles sentenced to life without parole.  *Id.*

The Eighth Circuit noted that "United States Supreme Court dicta—which has since been

adopted in several jurisdictions—suggests the cumulative effect of multiple sentences is irrelevant to

Eighth Amendment analyses."  *Id.* (citing *State v. Ali*, 895 N.W.2d 237, 246 (Minn. 2017)).  The

Eighth Circuit also recognized, as Petitioner notes in this case, that some jurisdictions have applied

*Miller* and *Montgomery* to juveniles who were not sentenced to life without parole, but it concluded

that "*Miller* and *Montgomery* only explicitly applied to juveniles facing life-without-parole

sentences," and that "reason does not mandate their application to [a petitioner's] multiple lesser

sentences."  *Id.* at 576.

In light of *Ali*, this Court concludes that Petitioner's de-facto-life-sentence argument must

fail.[5]  Likewise, the Court concludes that Petitioner's argument that he is entitled to resentencing on

the other five counts must fail; "because *Miller* and *Montgomery* are limited to true life-without-

---

[5] While Petitioner originally was sentenced to life imprisonment without the possibility of parole,
that situation was remedied by the passage of SB590.  Petitioner acknowledges that he now is
eligible for parole consideration on his first-degree murder conviction, and that in fact he was
scheduled for a twenty-five year parole hearing on September 18, 2020.  (*See* Amended Petition, PP.

parole sentences, they create no constitutional burden on other additional sentences." *Wilson v. Wallace*, Case No. 4:16CV419 JAR, 2020 WL 1324043, at *6 (E.D. Mo. Mar. 19, 2020). "Put simply, this Court will not extend *Miller* or *Montgomery* to consecutive terms of years when the Eighth Circuit recently declined to do so itself." *Id.*

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Carlos Wade's Amended Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 48), is **DENIED**, and his claim is **DISMISSED** with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that, because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998).


Dated this 7th Day of December, 2022.


/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE


8-9).

– 8 –

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CARLOS WADE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:16CV378 JCH |
| | ) | |
| BILL STANGE, et al., | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER OF DISMISSAL

In accordance with the Memorandum and Order entered this day and incorporated herein,

**IT IS HEREBY ORDERED, ADJUDGED and DECREED** that Petitioner's Amended

Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody is

**DENIED**, and his claim is **DISMISSED** with prejudice.

Dated this 7th Day of December, 2022.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

RECEIVED

DEC 22 2022

BY MAIL

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF MISSOURI

EASTERN DIVISION

CARLOS WADE,                    )
                                )
        Petitioner,             )
                                )
    Vs.                         )        Case No. 4:16CV378 JCH
                                )
BILL STANGE, et al.,            )
                                )
        Respondents.            )

## NOTICE OF APPEAL

Comes Now, Carlos Wade, Pro se and appeals the Memorandum and Order, denying petitioner's petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, and Certificate of appealability, on Dec. 7, 2022.

By: _Carlos Wade #525789_

Carlos Wade # 525789

Southeast Correction Ctr.

300 East Pedro Simmons Drive

Charleston, Mo. 63834

## Certificate of Service

I, Carlos Wade, hereby certifies that a true and correct copy of this Notice of Appeal, was mailed postage prepaid this _19th_ day of Dec. 2022; TO: Missouri Attorney General Office of Mr. Eric Schmitt, P.O. Box 899, Jefferson City, Mo. 65102.

_Carlos Wade_

Carlos Wade

Date: 12-20-2022

Dear Clerk of the Court,

   Please file said notice of Appeal as a poor person. and inform appellate as soon as said notice of appeal is filed with the court.

Thanking You In advance!

Carlos Wade #525789

Carlos Wade # 525789

Southeast  Correctional  Ctr.

300  E. Pedro  Simmons  Drive

Charleston, Mo. 63834

CC;

Mr. Carlos Wade # 525789
Southeast Correctional Center
300 East Pedro Simmons Drive
Charleston, Mo. 63834

This correspondence is from an inmate in the custody of
the Missouri Department of Corrections. The Department
is not responsible for the content of this correspondence.
For information about the Department or to verify
information about the offender, please visit our website at
www.doc.mo.gov.

SAINT LOUIS MO 630

21 DEC 2022 PM 2 L



UNITED STATES DISTRICT COURT E.D.

TO: (COURT CLERK)

THOMAS F. EAGLETON U.S. COURTHOUSE

111 S. 10th Street

St. Louis, Mo. 63102

HU#4

RECEIVED
DEC 22 2022
BY MAIL

63102-112748

## US Court of Appeals - Eighth Circuit
## NOA Supplement

**Caption:**

Wade v. Wallace

**USCA#:**

**Case Number:**

4:16-CV-00378-JCH

**Plaintiff:**

CARLOS WADE

**Defendant:**

IAN WALLACE, et al.

**Attorney:**

Kevin L. Schriener (for pet)
141 N. Meramec Avenue
Suite 314
St. Louis, MO  63105
Ph:  314-721-7095   Fax:  314-863-7096
Email:  kschriener@schrienerlaw.com

**Attorney:**

Michael J. Spillane (for res)
221 W. High Street
P.O. Box 899
Jefferson City, MO  65102-0899
Ph:  573-751-3321  Fax:  573-751-3825
Email:  mike.spillane@ago.mo.gov

Stephen D. Hawke (for res)
207 W. High St.
P.O. Box 899
Jefferson City, MO  65102-0899
Ph:  573-751-8432  Fax:  573-751-3825
Email:  stephen.hawke@ago.mo.gov

**Court Reporter(s):**

Please return files and documents to:

Clerk for Eastern District of Missouri

Person to contact about the appeal:

Joshua Cowen at 314-244-7900

| Length of trial | Fee: | IFP: | Pending IFP Motion |
|---|---|---|---|
| N/A | | None | No |

| Counsel: | Pending Motions: | Local Interest: | Simultaneous Release: |
|---|---|---|---|
| Yes | No | No | No |

## Criminal Cases/Prisoner Pro Se  Cases Only:

Is defendant incarcerated?:  Yes    Where:  SECC

## Please list all other defendants in this case if there were multiple defendants:

# United States Court of Appeals
## *For The Eighth Circuit*
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
### St. Louis, Missouri 63102

**Michael E. Gans**
*Clerk of Court*

**VOICE (314) 244-2400**
**FAX (314) 244-2780**
**www.ca8.uscourts.gov**

December 23, 2022

Mr. Kevin L. Schriener
LAW & SCHRIENER
Suite 314
141 N. Meramec Avenue
Clayton, MO  63105-0000

     RE:  22-3609  Carlos Wade v. Bill Stange, et al

Dear Counsel:

     This office has received a pro se filed notice of appeal and docket entries from the Clerk of the United States District Court. We have filed the notice of appeal in the above case docketed in this court on December 19, 2022.

                                   Michael E. Gans
                                   Clerk of Court

CJO

Enclosure(s)

cc:    Mr. Stephen David Hawke
       Mr. Gregory J. Linhares
       Mr. Michael Joseph Spillane

     District Court/Agency Case Number(s):   4:16-cv-00378-JCH